# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **WENDELL C. HELFRICK,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:14CV00577 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **BENJAMIN WRIGHT, WARDEN,** ) | By: James P. Jones |
| **RIVER NORTH CORRECTIONAL** ) | United States District Judge |
| **CENTER,** ) | |
| ) | |
| Respondent.[1] ) | |

*Andrew R. Page, Stallings & Randall, P.C., Suffolk, Virginia, for Petitioner; Elizabeth C. Kiernan, Assistant Attorney General, Office of the Attorney General of Virginia, Richmond, Virginia, for Respondent.*

The petitioner, Wendell C. Helfrick, a Virginia inmate proceeding by counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Helfrick challenges the validity of his confinement following his state convictions. The respondent has moved to dismiss Helfrick's claims and Helfrick

---

[1] In his Petition, Helfrick named as respondents the Warden of the River North Correctional Center, where he is incarcerated, as well as the Attorney General of Virginia. A federal habeas corpus action by a state inmate currently in custody is to be brought against the state officer who has that custody. Rules Governing Section 2254 Cases 2(a). The Attorney General does not have custody of incarcerated felons under Virginia law, *see* Va. Code Ann. § 53.1-20, and he is thus dismissed as a party. In fact, the proper respondent here is more likely the Director of the Virginia Department of Corrections, *see id.*, but no objection was made to Warden Wright's status as the proper respondent.

has responded, making the matter ripe for disposition. Upon review of the record, I find that the respondent's Motion to Dismiss must be granted.

I.

Helfrick was convicted by a jury in the Circuit Court of Culpepper County of oral sodomy by force, anal sodomy by force, and breaking and entering with the intent to commit rape. The court imposed the sentence as recommended by the jury and sentenced Helfrick to two life sentences and 20 years in prison. Helfrick sought review from the Court of Appeals of Virginia, which denied his appeal on March 15, 2013, and denied his petition for rehearing on April 23, 2013. Helfrick did not appeal to the Supreme Court of Virginia.

In rejecting Helfrick's appeal, the Court of Appeals of Virginia summarized the evidence of Helfrick's guilt as follows:

> The victim testified [Helfrick] approached her as she was trying to get in her car to leave. [Helfrick] stood between her and the car door and reached into the car to turn off the ignition. [Helfrick] demanded that she exit the car and go inside. When the victim did not immediately comply, [Helfrick] pushed her toward the door of her residence and directed her to open the door to the home. Although [Helfrick] claimed he confronted [the victim] only to get some answers about their relationship, he had surreptitiously parked his car in the adjacent church parking lot rather than in the driveway of the residence. [Helfrick's] demeanor caused the victim to be afraid and she was crying. Once inside, [Helfrick] posed his questions about why she had contacted the police for a restraining order and accused [the victim] of ruining his life. [Helfrick] went to the kitchen and retrieved a knife. [Helfrick] put the knife in the victim's hand and wrapped his hand around hers placing the knife at his throat. [Helfrick] told her that she must either kill him or submit to his demands. Despite the

> victim's requests not to engage in sexual contact, [Helfrick] forced her to perform fellatio on him and then engaged in anal intercourse with her.

*Helfrick v. Commonwealth,* No. 2198-11-4 (Va. Ct. App. Mar. 15, 2013) (ECF No. 10-1 at 113-14.). Helfrick filed a timely state habeas petition on February 19, 2014. The Supreme Court of Virginia dismissed the habeas petition on September 23, 2014.

On October 24, 2014, Helfrick filed his federal habeas petition. The petition asserts that Helfrick's trial counsel provided ineffective assistance by: (1) denying Helfrick the right to testify on his own behalf; (2) failing to object to the qualifications of an expert witness; (3)(a) failing to offer into evidence letters Helfrick had written to the victim; (3)(b) failing to seek an evidentiary hearing prior to trial to determine whether the letters were admissible; (4)(a) referencing the prior sexual history between Helfrick and the victim in counsel's opening statement; and (4)(b) failing to seek an evidentiary hearing prior to trial to determine whether evidence of the sexual history was admissible. Furthermore, Helfrick asserts that both of his appellate counsel provided ineffective assistance by failing to: (5)(a) consult with Helfrick regarding his direct appeal; and (5)(b) provide him with information regarding the statutory requirements for appealing to the Supreme Court of Virginia. Helfrick also asserts that his first appellate counsel was ineffective for: (5)(c) filing an *Anders* brief and claiming the appeal was

frivolous. He asserts that his second appellate counsel was ineffective for: (5)(d) adopting the petition for appeal filed by his first appellate counsel.

II.

A. Procedurally Defaulted Claims.

The respondent argues that claims 3, 4, and 5 "contain legal theories not advanced in the petitioner's habeas corpus case."[2] (Br. Supp. Mot. Dismiss 7, ECF No. 8.) "[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000).

Specifically, Helfrick's argument in claims 3(b) and 4(b) that counsel should have requested an evidentiary hearing prior to trial regarding the admissibility of evidence of prior sexual contact between Helfrick and the victim has not been

---

[2] The respondent submits that claims 1 and 2 are "largely the same as those raised in [Helfrick's] state habeas petition in claims (b) and (c)(2)." (Br. Supp. Mot. Dismiss 6-7, ECF No. 8.) Claim (b) in Helfrick's state habeas petition asserted that trial counsel provided ineffective assistance by denying Helfrick his fundamental right to testify. (Records from Supreme Ct. of Va., ECF No. 10 at 9.) Claim (c)(2) alleged that trial counsel was ineffective for failing to object to the expert witness's qualifications. (*Id.* at 19-20.) Because Helfrick presented these two claims to the Supreme Court of Virginia, he has exhausted available state court remedies for these claims as required under 28 U.S.C. § 2254(b). *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (finding exhaustion requires presentation of claim to highest state court with jurisdiction).

-4-

presented to any state court, and therefore is unexhausted.³ Likewise, Helfrick's arguments in claim 5(b) and 5(d) are unexhausted because they have not been presented to any state court.⁴ In claim 5(b) Helfrick asserts that both appellate counsel provided ineffective assistance by failing to provide him with information regarding the statutory requirements for appealing to the Supreme Court of Virginia.⁵ In claim 5(d), Helfrick argues for the first time that his second appellate counsel provided ineffective assistance by adopting the petition for appeal filed by his first appellate counsel.⁶

---

³ The respondent concedes that the remainder of the legal arguments in claims 3 and 4 were presented to the Supreme Court of Virginia through Helfrick's state habeas petition as claims (d) and (e). Claim (d) alleged that counsel was ineffective for failing to introduce Helfrick's prior written statements, which would have raised doubt regarding the victim's credibility. (Records from Supreme Ct. of Va., ECF No. 10 at 57.) Claim (e) alleged that the trial court erred in failing to declare a mistrial following counsel's opening statements. (*Id.* at 64.) Also, claim (e) alleged that trial counsel provided ineffective assistance by referencing Helfrick's prior sexual relationship with the victim during opening statements. (*Id.*)

⁴ The remainder of the legal arguments in claim 5 were presented to the Supreme Court of Virginia through Helfrick's state habeas petition as claim h. Claim h alleged that counsel was ineffective, for "formulating a direct appeal without consulting [Helfrick]" and "asserting [her] opinion that the filing of a direct appeal was frivolous." (Records from Supreme Ct. of Va., ECF No. 10 at 72.)

⁵ This is distinct from Helfrick's argument in claim h of his state habeas that he was denied the right to appeal to the Supreme Court of Virginia because the Court of Appeals of Virginia allowed appellate counsel to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). (Records from Supreme Ct. of Va., ECF No. 10 at 73.)

⁶ This argument is distinct from Helfrick's argument to the Supreme Court of Virginia in claim h that the Court of Appeals of Virginia erred by permitting the second appellate counsel to adopt the petition for appeal. (Records from Supreme Ct. of Va., ECF No. 10 at 72.)

The respondent asserts that the unexhausted portions of claims 3, 4, and 5 are procedurally defaulted because they would be procedurally barred by Virginia Code § 8.01-654(B)(2) if Helfrick returned to state court to raise them in a successive petition. *See Mackall v. Angelone*, 131 F.3d 442, 446 (4th Cir. 1997).

Federal courts may not review a barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. *Harris v. Reed*, 489 U.S. 255, 262 (1989). Here, after the respondent invoked the defense of procedural bar in the brief supporting his Motion to Dismiss, the petitioner has offered no showing to satisfy the cause and prejudice requirement. Therefore, I will grant the Motion to Dismiss as to claims 3(b), 4(b), 5(b), and 5(d) as they are procedurally barred from federal habeas review.

### B. Exhausted Claims of Ineffective Assistance.

To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, the petitioner must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances and facts known to counsel at the time of the representation. *Id.* at 687-88. The petitioner must overcome a strong presumption

-6-

Case 7:14-cv-00577-JPJ-RSB   Document 17   Filed 09/23/15   Page 6 of 18   Pageid#: 655

that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. *Id.* at 689.

Second, to show prejudice, the petitioner must demonstrate a "reasonable probability" that but for counsel's errors, the outcome would have been different. *Id.* at 694-95. If it is clear that the petitioner has not satisfied one prong of the *Strickland* test, the court need not inquire whether he has satisfied the other prong. *Id.* at 697.

Because the Supreme Court of Virginia adjudicated Helfrick's ineffective assistance claims on the merits, the nature of my review is set forth in 28 U.S.C. § 2254(d).[7] Under § 2254(d), federal habeas relief "may be granted only if the state-court decision unreasonably applied the more general standard for

---

[7] When reviewing a claim adjudicated on the merits by a state court, a federal court may grant habeas relief only if the state court adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (d)(2). A state court's adjudication is considered contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision unreasonably applies clearly established federal law if the court identifies the correct legal principle, but unreasonably applies it to the facts of the case. *Id.* at 413. It is not enough that a state court applied federal law incorrectly; relief may only be granted if the application of federal law is unreasonable. *Id.* at 411. Factual determinations made by the state court are "presumed to be correct," and the petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

ineffective-assistance-of-counsel claims established by *Strickland*." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). Thus, a "doubly deferential judicial review . . . applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard." *Id.* at 123. "The question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'" *Id.* (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id.*

As to each of Helfrick's ineffective assistance claims, the Supreme Court of Virginia found that Helfrick failed to meet his burden to show deficient performance and resulting prejudice under *Strickland*. Under § 2254(d), I find that this disposition was not contrary to, or an unreasonable application of, established federal law, and was not based on an unreasonable determination of the facts in the state court record as to any of Helfrick's habeas claims.

### 1. Claim 1.

In claim 1, Helfrick asserts that counsel provided ineffective assistance by denying Helfrick the right to testify at trial. A defendant has "'the ultimate authority' to determine 'whether to plead guilty, waive a jury [trial], testify in his or her own behalf, or take an appeal.'" *Florida v. Nixon*, 543 U.S. 175, 187 (2004)

(quoting *Jones v. Barnes*, 463 U.S. 745, 751 (1983)). "Concerning those decisions, an attorney must both consult with the defendant and obtain consent to the recommended course of action," or defer to the wishes of the defendant. *Nixon*, 543 U.S. at 187.

In considering this claim in state habeas, the Supreme Court of Virginia determined neither prong of the *Strickland* test was satisfied. The court held that the record demonstrated that, "before and during [Helfrick's] trial, counsel discussed with [Helfrick] whether or not he should testify and [Helfrick] ultimately decided himself not to testify." *Helfrick v. Dir., Va. Dep't of Corr.,* Record No. 140306 (Va. Sup. Ct. Sept. 23, 2014), ECF No. 10-1 at 152) ("*Helfrick* State Ct. Habeas Op.").

The Supreme Court of Virginia's holding was not based on an unreasonable finding of fact, and was not contrary to, nor an unreasonable application of, existing Supreme Court precedent. Indeed, Helfrick presents no facts or argument in support of a claim that counsel prevented him from testifying, and, in fact, concedes that counsel "thought the best strategy was for [Helfrick] not to testify." (Mem. Supp. Pet. 4, ECF No. 1-1.) At most, Helfrick has shown that counsel

advised him not to testify, based on trial strategy, which does not constitute ineffective assistance.[8]

Further, the habeas court found that, because Helfrick failed to proffer the content of his trial testimony, it was impossible to determine whether he was prejudiced by the alleged denial of this right to testify. (*Helfrick* State Ct. Habeas Op., ECF No. 10-1 at 152.) "[W]ithout a specific, affirmative showing of what the missing evidence or testimony would have been, 'a habeas court cannot even begin to apply *Strickland*'s standards' because 'it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether the petitioner was prejudiced by any deficiencies in counsel's performance.'" *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994) (quoting *United States ex rel. Partee v. Lane*, 926 F.2d 694, 701 (7th Cir. 1991)); *see also Bassette v. Thompson*, 915 F.2d 932, 940-41 (4th Cir. 1990) (dismissing claims where petitioner failed to make a specific proffer of the testimony of the omitted witness).

In his federal petition, Helfrick, for the first time, proffers his testimony at trial, claiming that he would have "addressed the factual allegations and would

---

[8] Respondent provided an affidavit from counsel averring that counsel discussed the decision whether to testify with Helfrick, both before and during trial, and Helfrick decided not to testify on his own accord. The affidavit was included in the records from the Supreme Court of Virginia. However, the court notes that the affidavit is neither signed, dated, nor notarized. (Resp't Mot. Dismiss Ex. 5, Records Supreme Ct. of Va., ECF No. 10-1 at 146.)

-10-

Case 7:14-cv-00577-JPJ-RSB   Document 17   Filed 09/23/15   Page 10 of 18   Pageid#: 659

have offered to deny any specific intent to commit these offenses." (Mem. Supp. Pet. 5, ECF No. 1-1.)  Helfrick also submitted with the federal petition an affidavit proffering his trial testimony that outlined in his version of the events and asserted that the sexual contact with the victim was consensual.  However, because Helfrick did not present these facts in support of the state habeas claim, I cannot consider them on federal review.  *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1400 (2011) (holding that federal review of state court's judgment for reasonableness is limited to facts presented to the state court).

Therefore, under § 2254(d), I will grant the Motion to Dismiss as to claim 1.

### 2.  Claim 2.

In claim 2, Helfrick argues that counsel provided ineffective assistance by failing to object to the Commonwealth's expert witness, Phyllis Burn.  The Supreme Court of Virginia considered this claim on the merits and determined that neither prong of the *Strickland* test has been satisfied.  The Supreme Court of Virginia's holding was not based on an unreasonable finding of fact, and was not contrary to, nor an unreasonable application of, existing Supreme Court precedent.  The Supreme Court held that Helfrick failed "to articulate any grounds on which counsel could have objected to Burns' qualifications as an expert witness."  (*Helfrick* State Ct. Habeas Op., ECF No. 10-1 at 154.)  Counsel cannot be

ineffective for failing to raise an objection or make a motion for which there is "no obvious basis." *See Clanton v. Bair*, 826 F.2d 1354, 1359 (4th Cir. 1987).

Helfrick asserts, for the first time, in his federal petition that counsel should have objected to the expert witness's testimony on the grounds that the government attempted to qualify her to give expert testimony as a licensed clinical psychologist, even though she was only qualified to testify as a licensed professional counselor. However, because Helfrick did not present these facts in support of the state habeas claim, I cannot consider them on federal review.[9] *See Pinholster*, 131 S. Ct. at 1400.

Therefore, under § 2254(d), I will grant the Motion to Dismiss as to claim 2.

3. Claim 3(a).

In claim 3(a), Helfrick alleges that counsel provided ineffective assistance by failing to offer into evidence letters Helfrick wrote to the victim. The Supreme Court of Virginia considered this claim on the merits and determined that neither prong of the *Strickland* test was satisfied. The Supreme Court of Virginia's holding was not based on an unreasonable finding of fact, and was not contrary to,

---

[9] Even if these arguments could be considered on federal review, Helfrick fails to provide any factual support for his contention, such as citations to the expert's trial testimony, or examples where the expert made a statement allegedly outside the scope of her expertise. Further, the record contradicts Helfrick's argument, where the expert specifically testified that she was a "licensed professional counselor." (Trial Tr. 265-66, June 13, 2011, ECF No. 11-3.)

nor an unreasonable application of, existing Supreme Court precedent. The Supreme Court held:

> While [Helfrick] attaches to his habeas petition the handwritten notes that [he] claims are prior writings, he fails to articulate when the writings were authored or provide any support for his claim that they are prior writings. [Helfrick] further fails to articulate how they would have been admissible or how their contents would have contradicted the victim's testimony or caused the jury not to believe her. Thus, [Helfrick] has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

(*Helfrick* State Ct. Habeas Op., ECF No. 10-1 at 155.)

Helfrick asserts in his federal petition that the letters could have been used for impeachment, as well as to show a prior sexual relationship and a motive and intent to fabricate the charges against Helfrick; however, because these arguments were not presented in his state habeas claim, I cannot consider them on federal review.[10] *See Pinholster*, 131 S. Ct. at 1400. Therefore, under § 2254(d), I will grant the Motion to Dismiss as to claim 3(a).

---

[10] Even if these arguments could be considered on federal review, Helfrick does not explain how the letters, which profess his love for the victim, could have been used for impeachment, or to show a motive or intent to fabricate charges. Indeed, there is no evidence regarding when the letters were written, or that Helfrick even delivered the letters to the victim. Significantly, there is also no evidence that Helfrick's professed romantic feelings were reciprocated by the victim.

-13-

### 4. Claim 4(a).

In claim 4(a), Helfrick alleges that counsel was ineffective for referring to prior sexual activity between Helfrick and the victim in counsel's opening statement. The Supreme Court of Virginia considered this claim on the merits and determined that neither prong of the *Strickland* test was satisfied. The Supreme Court of Virginia's holding was not based on an unreasonable finding of fact, and was not contrary to, nor an unreasonable application of, existing Supreme Court precedent. The Supreme Court held:

> [Helfrick] fails to allege why counsel's remarks during her opening statement were inadmissible under Code § 18.2-67.7. Furthermore, pursuant to Code § 18.2-67.7, evidence of sexual conduct between the complaining witness and the accused is admissible if relevant and offered to support a contention that the alleged offense was not accomplished by force, threat, or intimidation. The record, including the trial transcript, demonstrates this was the very reason counsel disclosed during her opening statement details of the prior sexual history between [Helfrick] and the victim. Thus, [Helfrick] has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

(*Helfrick* State Ct. Habeas Op., ECF No. 10-1 at 156.) Indeed, prior to opening statements, Helfrick's counsel asked the court to be allowed to present evidence of prior sexual activity between Helfrick and the victim to support the contention "that the alleged offense was not accompanied by force, threat, or intimidation." (Trial Tr. 71, June 13, 2011, ECF No. 11-1.) The government agreed that the evidence was admissible "as long as it's limited to the history specifics of the

-14-

relationship between the defendant and the alleged victim." (*Id*. at 76, ECF No. 11-2.) The trial court found that the proffered evidence of prior sexual activity was relevant and admissible under Virginia Code § 18.2-67.7.[11] Accordingly, it was not ineffective assistance for counsel to reference the prior sexual activity between Helfrick and the victim in her opening statement.

Therefore, under § 2254(d), I will grant the Motion to Dismiss as to claim 4(a).

### 5. Claims 5(a) and (c).

In claim 5(a), Helfrick alleges both his appellate counsel were ineffective for failing to consult with him regarding the issues raised on appeal. Helfrick argues in claim 5(c) that his first appellate counsel provided ineffective assistance by filing an *Anders* brief and representing to the Court of Appeals of Virginia that Helfrick's appeal was frivolous. The Supreme Court of Virginia considered both

---

[11] Virginia Code § 18.2-67.7 provides, in pertinent part, that:

Unless the complaining witness voluntarily agrees otherwise, evidence of specific instances of his or her prior sexual conduct shall be admitted only if it is relevant and is:

. . . .

2. Evidence of sexual conduct between the complaining witness and the accused offered to support a contention that the alleged offense was not accomplished by force, threat or intimidation or through the use of the complaining witness's mental incapacity or physical helplessness, provided that the sexual conduct occurred within a period of time reasonably proximate to the offense charged under the circumstances of this case.

-15-

these claims on the merits and determined that neither prong of the *Strickland* test was satisfied. The Supreme Court of Virginia's holding was not based on an unreasonable finding of fact, and was not contrary to, nor an unreasonable application of, existing Supreme Court precedent.

In considering claim 5(a) in state habeas, the Supreme Court of Virginia held that "[t]he selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal." (*Helfrick* State Ct. Habeas Op., ECF No. 10-1 at 158.) The court determined neither prong of the *Strickland* test has been satisfied.

Counsel is not required to assert on appeal all non-frivolous issues raised by a defendant. *See Barnes,* 463 U.S. at 751-52. Rather, it "is the hallmark of effective appellate advocacy" to select the strongest claims and focus on those on appeal. *Burger v. Kemp*, 483 U.S. 776, 784 (1987) (internal quotation marks and citation omitted).

Regarding claim 5(c), the Supreme Court of Virginia held:

> The record demonstrates that counsel filed a petition for appeal in the Court of Appeals referring to parts of the record that might arguably support an appeal, and moved for leave to withdraw. Counsel's actions were permissible pursuant to *Anders*, 368 U.S. at 744, and [Helfrick] was given leave to file a *pro se* supplemental petition for appeal. The Court of Appeals, not counsel, determined that the appeal was "wholly frivolous" and granted counsel's motion to withdraw.

(*Helfrick* State Ct. Habeas Op., ECF No. 10-1 at 158-59.) In *Anders*, the United States Supreme Court announced the procedure an appointed attorney should follow if the attorney believes the client's appeal is frivolous and without merit. 386 U.S. at 744. The Supreme Court held that the attorney could petition for permission to withdraw from the case, but that the petition for withdrawal must be accompanied by a brief "referring to anything in the record that might arguably support the appeal." *Id*. at 744. After his attorney submits the brief, the defendant must then be given time to respond and to raise any additional points. *Id*. The Court is then obligated to conduct a "full examination" of the record to determine whether the appeal is "wholly frivolous." *Id*. According to *Anders*, if the reviewing court finds the appeal is frivolous, "it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires." *Id*. Helfrick's argument that counsel was ineffective for filing an Ander's brief and indicating that the appeal was frivolous lacks merit because the reviewing court also conducted a full review of the record and found the appeal to be "wholly frivolous."

Therefore, under § 2254(d), I will grant the Motion to Dismiss as to claim 5.

III

For the stated reasons, I conclude that Helfrick's habeas claims are either procedurally barred or without merit, and that the state courts' adjudication of his petition was reasonable and precludes federal habeas relief under § 2254(d)(1). Accordingly, I will grant the Motion to Dismiss.

A separate Final Order will be entered herewith.

DATED: September 23, 2015

/s/ James P. Jones
United States District Judge